UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIMI JAMES HAMILTON,<br><br>                Plaintiff,<br><br>    v.<br><br>SCOTT FRAKES,<br><br>                Defendant. | CASE NO. C13-5422 RJB-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

       The District Court has referred this 42 U.S.C. §1983 civil rights action to the undersigned Magistrate Judge. The Court's authority for the referral is 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

       Plaintiff asks the Court to appoint counsel to represent him in this matter (ECF No. 8). Plaintiff supports his motion with nothing more than conclusory statements that set forth some of the factors the Court considers when deciding if appointment of counsel is warranted (*id*). The Court denies the motion.

       There is no right to have counsel appointed in cases brought pursuant to 42 U.S.C. § 1983. Although the Court can request counsel to represent a party, 28 U.S.C. § 1915(e)(1), the Court may

1  do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.
2  1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089
3  (9th Cir. 1980). A finding of exceptional circumstances requires the Court to evaluate both the
4  likelihood of success on the merits and the ability of plaintiff to articulate his claims pro se in light of
5  the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.
6        This case is just starting and the Court cannot properly evaluate plaintiff's likelihood of
7  success on the merits. Plaintiff has articulated his claims quite well. Plaintiff alleges that his eighth
8  amendment rights have been violated because he has been placed in an intensive management unit.
9  Plaintiff alleges that he is mentally ill and the conditions of confinement in an intensive management
10 unit exacerbate his condition. Plaintiff fails to show that appointment of counsel is warranted and the
11 alleged "hardships" in accessing legal materials have repeatedly been found constitutional. *See*,
12 *Keenan v. Hall*, 83 F.3d 1083, 1093-4 (9th Cir. 1996); *Wood v. Housewright*, 900 F.2d 1332 1335
13 (9th Cir. 1990). The Court denies plaintiff's motion for appointment of counsel.

      Dated this 11th day of July, 2013.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 2